MILLS, Judge.
This is an appeal from the trial court’s summary denial of a motion for postconviction relief made pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm.
In 1974, McCutcheon pled guilty to the rape of his eleven-year-old daughter in return for the State’s recommended sentence of life imprisonment. The trial court accepted the plea and sentenced him in accordance with the State’s recommendation.
By way of a Rule 3.850 motion, he subsequently attacked the plea and sentence, contending that he was under the influence of psychotropic drugs when he tendered the plea, that he was denied effective assistance of counsel, that the trial court erred in sentencing him to life imprisonment, and that the trial court found that he was competent to stand trial and that he was competent at the time of the offense based upon the recommendation of only one psychiatrist. The trial court denied the motion without a hearing.
The record conclusively shows that the first three of these contentions are without merit. At the plea taking and sentencing hearing, McCutcheon stated that he was in full possession of his faculties even though he was under the influence of tranquilizers. He also stated that he was satisfied with his attorney. Finally, he stated that he was aware that the State had recommended a sentence of life imprisonment and that such a recommendation was acceptable to him.
Concerning whether the trial court erred in failing to appoint two experts to determine his mental competency, McCut-eheon seems to be complaining of a violation of Rules 3.210 and 3.216, Florida Rules of Criminal Procedure. These are rights which McCutcheon waived by pleading guilty.
AFFIRMED.
WENTWORTH, J., and McCORD, GUYTE P., Jr., (Ret.), Associate Judge, concur.