THOMPSON, Judge.
This is an appeal from an order denying Roush’s Fla.R.Crim.P. 3.850 motion for post-conviction relief. In the motion, Roush contended that he was denied effective assistance of counsel and that the trial court erred in failing to inquire into the circumstances surrounding an alleged discovery violation by the state as required by Richardson v. State, 246 So.2d 771 (Fla.1971). We remand for an evidentiary hearing on the question whether appellant was denied effective assistance of counsel.
In his motion for post-conviction relief the appellant alleged, inter alia, that his attorney failed to interview or depose defense witnesses whose names had been furnished to him by appellant, failed to inspect tangible evidence made available to the defense by the state pursuant to appellant’s demand for discovery, and failed to meet personally with appellant to discuss defense strategies and the posture of the case until the day of trial. These allegations sufficiently describe specific conduct on the part of trial counsel which, if it occurred, could constitute “a substantial and serious deficiency measurably below that of competent counsel.” Knight v. State, 394 So.2d 997 (Fla.1981). The court below, relying on Holloway v. State, 432 So.2d 649 (Fla. 1st DCA 1983) and McCutcheon v. State, 444 So.2d 532 (Fla. 1st DCA 1984), summarily denied appellant’s claim on grounds that appellant had expressly indicated satisfaction with the performance of his attorney by executing a plea waiver and consent form. The court overlooked the fact that the plea agreement related to a prior fraud charge, whereas the instant claim of ineffective assistance of counsel is directed to the performance of the attorney who handled appellant’s jury trial on charges of dealing in stolen property. We therefore remand for an evidentiary hearing so that appellant may have an opportunity to prove the allegations of his motion and to prove, if he can, that the allegedly deficient conduct on the part of counsel was so substantial that there was a reasonable probability that it affected the outcome of the trial. Downs v. State, 453 So.2d 1102 (Fla.1984).
The question of the alleged discovery violation need not be considered by the trial court, since the issue is one which could have and should have been raised in the direct appeal of appellant’s conviction.
REVERSED and REMANDED for further proceedings.
JOANOS and ZEHMER, JJ., concur.